## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| G. DAVID JANG, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-681-SLR |
| | ) |
| BOSTON SCIENTIFIC SCIMED, | ) |
| INC., a corporation; and | ) |
| BOSTON SCIENTIFIC | ) |
| CORPORATION, a corporation, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington this $\frac{31^{st}}{}$ day of July, 2012, having considered G. David Jang,

M.D.'s ("plaintiff's") motion for reconsideration, to alter or amend the judgment, and

motion for leave to file an amended complaint and the papers filed in connection

therewith;

IT IS ORDERED that said motion (D.I. 77) is denied, for the reasons that follow:

1. **Introduction.** On May 25, 2010 plaintiff filed a complaint against Boston

Scientific Scimed, Inc. ("Scimed") and Boston Scientific Corporation ("BSC")

(collectively, "defendants") alleging breach of contract, fiduciary duty, and implied

covenant of good faith and fair dealing, and seeking enforcement of an equitable lien.

(D.I. 1) The complaint was filed in the United States District Court for the Central

District of California and was subsequently transferred to this court on August 9, 2010.

(D.I. 17) This court entered a scheduling order on October 26, 2010 setting a deadline

of January 23, 2011 for filing amended pleadings. (D.I. 28 at ¶ 3) Defendants filed a

motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on February 4, 2011. (D.I. 31) An opinion was entered on September 30, 2011 ("Memorandum Opinion") along with an order granting defendants' motion for judgment on the pleadings on all counts. (D.I. 73, 74) The court ordered judgment to be entered in favor of defendants and against plaintiff. (D.I. 75) Presently before the court is plaintiff's motion for reconsideration, to alter or amend the judgment, and a motion for leave to file an amended complaint under Fed. R. Civ. P. 59(e) and 15(a), respectively. (D.I. 77)

2. **Background.** The court incorporates by reference the background provided in its prior opinion. (D.I. 73) In short, plaintiff and Scimed entered into an assignment agreement ("the Agreement") in which plaintiff assigned Scimed several of his patents for cardiovascular stents. (D.I. 1 at ¶ 7) Plaintiff also entered into a part-time employment agreement with BSC with the goal of developing and commercializing the stent technology. (D.I. 47, ex. A) The Agreement provided for a $50 million payment at closing and an additional payment of up to $110 million dependent on various contingencies. (D.I. 1 at ¶ 7). One such contingency is Scimed's recovery from third party infringers, whereupon plaintiff receives a percentage of the recovery. (*Id.* at ¶ 8) Another contingency is the sale of stents covered by plaintiff's patents equaling or exceeding $2.5 billion, whereupon plaintiff receives a fixed monetary payment. (*Id.* at ¶ 9)

3. Plaintiff sought damages for alleged violations of both aforementioned contingencies, citing an agreement between defendants and Cordis Corporation

2

("Cordis") and Johnson & Johnson ("J&J") settling two separate lawsuits. (*Id.* at ¶¶ 10-14) The settlement involved plaintiff's patents, but did not result in any payment to plaintiff. (*Id.*) As part of this settlement, defendants paid $1.75 billion and granted irrevocable licenses to eleven Jang stent patents. (*Id.* at ¶ 13; D.I. 47, ex. C at § 6.1) In return, defendants received non-monetary compensation including irrevocable licenses to various patents.¹ (D.I. 1 at ¶ 14; D.I. 47, ex. C at § 6.2) In response to plaintiff's complaint, defendants moved for judgment on the pleadings. (D.I. 31) The court granted defendants' motion, determining that plaintiff failed to satisfy the pleading standards as set forth by Fed. R. Civ. P. 12(c) and 12(b)(6). (D.I. 73 at 14)

4. The proposed amended complaint, which is presently under consideration, sets forth more fully plaintiff's original claims alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (D.I. 77, ex. A at ¶¶ 41-45, 50-55) Plaintiff also seeks to add a new claim asserting breach of an anti-assignment provision of the Agreement, hereafter referred to as § 9.4. (*Id.* at ¶ 46-49)

5. **Motion for leave to file an amended complaint.** "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on

---

¹ United States Patent Nos: 5,895,406; 5,938,682; 5,980,553; 6,162,243 (the Gray patents); and 4,733,665; 4,739,762; 4,776,337; 5,102,417; 5,195,984; 5,902,332 (the Palmaz patents). (D.I. 47, ex. C. at § 1.5)

technicalities." *Dole v. Arco Chemical Co.,* 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Although granting leave to amend is within the discretion of the court, it should only be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford,* 226 F.3d 275, 291 (3d Cir. 2000).

6. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing, inter alia, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). Undue prejudice exists when an unfair burden has been placed on the opposing party. *See Cureton*, 252 F.3d at 273 (citation ommitted). With respect to prejudice, the court focuses on the hardship to the defendant if the amendment were permitted, and in particular will consider "whether allowing an amendment would result in additional discovery, costs, and preparation to defend against new facts or new theories." *Id.* (citations omitted). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

7. Plaintiff's motion for leave to file an amended complaint was filed nine months after the January 23, 2011 deadline to amend the pleadings and after judgment was

4

entered in favor of defendants. (D.I. 77, 28, 75) The Third Circuit has stated that, "[a]lthough Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' Fed. R. Civ. P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered." *Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002). Rather, Rule 59 "govern[s] the opening of final judgments." *Id.* at 208. "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* (quoting 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1489, at 694 (2d ed. 1990)). Therefore, the court's analysis of the motion for reconsideration under Rule 59, below, dictates the outcome of the Rule 15(a) motion.[2]

8. Plaintiff neglects to recognize the post-judgment status of the case, arguing instead that there is no undue delay because "[t]he case is still at the pleading stage, and only minimal document discovery has been conducted to date." (D.I. 78 at 9) The "question of undue delay requires [that the court] focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). When "a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Because plaintiff offers no explanation for his

---

[2] Defendants argue that Rule 16(b)(4), which governs modifications to the scheduling order, provides the appropriate standard, but fail to identify authority in which Rule 16(b)(4) controls Rule 15(a) post-judgment. (D.I. 82 at 4-5)

5

belated amendment request, the court finds undue delay. *See Asahi Glass Co. Ltd. v. Guardian Industries Corp.,* 276 F.R.D. 417, 420 (D. Del. 2011) (finding undue delay when the late motion to amend was "largely unexplained").

9. Even disregarding the fact that the amendment occurred post-judgment, "certain prejudice to [the non-moving party] is inherent" when the motion to amend is submitted after the deadline as set forth in the scheduling order, as is presently the case. *Id.* at 420 (finding prejudice when the request to amend came six months after the deadline to amend the pleadings and after the close of fact discovery). Altogether, even considering the merits of the Rule 15(a) motion independently of the court's analysis of the Rule 59 motion, plaintiff acted with undue delay, and granting the motion would prejudice defendants.[3]

10. **Motion for reconsideration.** Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Fed. R. of Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.,* 889 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v Rauscher,* 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, movant must demonstrate one of the following in order to justify altering or amending the judgment: (1) a change in the controlling law; (2) availability of new evidence not available when

---

[3] Essentially, plaintiff "seeks to take a second bite at the apple" by amending his complaint at this late date when he could have done so in a timely manner. *Murphy v. Bancroft Construction Co.,* Civ. No. 02-453, 2004 WL 1326464, at *2 (D. Del. June 7, 2004).

6

the judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1249 (D. Del. 1990).

11. Plaintiff requests reconsideration of the court's Memorandum Opinion granting defendants' motion for judgment on the pleadings. (D.I. 77) Plaintiff does not assert that there is a change in the controlling law or that there is new evidence that was not available before the judgment was granted, so plaintiff must demonstrate a need to correct a clear error of law or fact. *See Max's Seafood Café ex-rel Lou Ann*, 176 F.3d at 677.

12. The court dismissed plaintiff's first cause of action relating to the breach of contract claims as "unactionable on the face of the Agreement." (D.I. 73 at 11) Plaintiff now argues that: (1) the court failed to address the assertion, "set forth more fully in the [amended complaint]," that defendants did recover monetary damages; and (2) the court committed a legal error in interpreting the language of § 7.3 of the contract as strictly pertaining to monetary damages. (D.I. 78 at 4, 5-6) Both assertions essentially ask for reconsideration of the court's conclusion that "the Agreement does not contemplate payments to plaintiff based on the 'non-monetary value' of the Jang stent patents." (D.I. 73 at 8)

7

13. Because a motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, the court will not address for a second time plaintiff's assertion that the defendants did receive monetary damages. *See Samuel v. Carroll*, 505 F. Supp. 2d 256, 262 (D. Del. 2007) (denying the motion for reconsideration when movant attempted to "relitigate issues that have already been decided").[4]

14. Next, plaintiff asserts that the court failed to consider breach of § 9.4 of the Agreement, as alleged in the amended complaint. (D.I. 78 at 6-7) However, as the court previously noted, arguments pertaining to § 9.4 of the Agreement were not set forth in the original complaint. (D.I. 73 at 7 n.6) Because motions for reconsideration may not be used to argue new issues that were not presented in the matter previously decided, the court will not consider arguments relating to breach of § 9.4. *See Tillman v. Pepsi Bottling Group, Inc.*, Civ. No. 04-1314, 2008 WL 1987262, at *3 (D. Del. May 7, 2008) (the court "declines to reexamine its holding with respect to [movant's] prima facie case" when presented with a new issue).

15. Finally, plaintiff contends that the court's dismissal of his third cause of action for breach of the implied covenant of good faith and fair dealing was in error.

---

[4] With respect to the assertion of legal error, plaintiff cites case law in support of his position that the term "damages" is ambiguous and should be expanded to include both monetary and non-monetary damages. (D.I. 78 at 5) However, the newly cited authority does not change the fact that the court already extensively considered this argument in its Memorandum Opinion and concluded that "the language in the Agreement is not ambiguous, as § 7.39(c) describes the apportionment of monetary 'balance(s).'" (D.I. 73 at 9) The fact that "the court did not weigh the facts of record as [movant] would have wanted" is "insufficient to meet the motion for reconsideration standard." *Intermec Technologies Corp. v. Palm Inc.*, 830 F. Supp. 2d 1, *8 (D. Del. 2011).

8

(D.I. 78 at 7-9) However, as with other arguments posed by plaintiff, this contention is merely a restatement of an argument already fully considered in the Memorandum Opinion which led the court to conclude that "[t]here can be no breach of covenant of good faith and fair dealing . . . in the absence of a breach of contract." (D.I. 73 at 11) Even plaintiff's assertion that "[a] party may breach the covenant of good faith and fair dealing implicit in every contract without breaching any express term of that contract" is undermined by the fact that "the covenant may not be invoked to create rights and duties not contemplated by the provisions of the contract[.]" *Speakman v. Allmerica Financial Life Ins.*, 367 F. Supp. 2d 122, 132 (D. Mass. 2005). The court previously concluded that there was no contractual duty to apportion non-monetary balances between the parties and, therefore, there was no breach of the contract or breach of the implied covenant of good faith and fair dealing. (D.I. 73 at 9) The court finds no occasion to reconsider this determination at this juncture.

16. **Conclusion.** For the aforementioned reasons, the court denies plaintiff's motion for leave to file an amended complaint and plaintiff's motion for reconsideration.

United States District Judge

9